**Roger A. PIES, Plaintiff,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE et al., Defendants.**

**Civ. A. No. 78–2091.**

United States District Court,
District of Columbia.

Aug. 31, 1979.

Lester G. Fant, III, Bradley S. Waterman, Washington, D. C., for plaintiff.

Patricia A. Scott, Tax Division, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

BARRINGTON D. PARKER, District Judge.

Plaintiff Roger A. Pies brings this action under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), to obtain access to a United States Internal Revenue Service (IRS) 1967 draft technical memorandum and a draft of proposed regulations concerning § 48(h) of the Internal Revenue Code of 1954 (hereinafter, the § 48(h) drafts). The defendants, the IRS and three officials, claim the documents are exempt from mandatory disclosure under 5 U.S.C. § 552(b)(5) as predecisional deliberative material.

The case comes before the Court on defendants' motion to dismiss the individual defendants and for summary judgment, and Pies' cross-motion for summary judgment. Since a FOIA suit is properly brought against the "agency" involved, the Court will dismiss the individual IRS officials as defendants. As to the motions for summary judgment, the material facts are not in dispute and the sole question of law is whether the IRS has validly justified nondisclosure on the basis of exemption (b)(5).

The Court finds that the § 48(h) drafts, though never enacted into IRS regulations, have been used by the agency in issuing other regulations and rendering opinions, and therefore cannot fairly be categorized as predecisional materials under exemption (b)(5). Pies is entitled to summary judgment as a matter of law.

## BACKGROUND

By letter to the IRS dated May 4, 1978, Pies requested "a draft of proposed regulations with respect to the interpretation of Section 48(h) of the Internal Revenue Code of 1954 bearing the initials RAB and pre-pared in the Legislation and Regulations Division of the Office of Chief Counsel." The agency denied the request pursuant to exemption (b)(5), a decision affirmed on administrative appeal. Pies filed this complaint on November 3, 1978.

According to the IRS, the relevant documents consist of a 145 page draft of proposed regulations and a four page draft technical memorandum prepared in 1967. The § 48(h) draft regulations contain provisions for applying the transitional rules of § 48(h) of the 1954 Code dealing with temporary suspension of the investment credit and related rules pertaining to the accelerated depreciation of affected investment credit property. The technical memorandum summarizes the substance and history of the proposed regulations.[1]

In July, 1967, the Director of the Legislation and Regulation Division forwarded the drafts, along with a draft notice of proposed rulemaking to the Tax Legislative Counsel of the Department of the Treasury. In 1970, after termination of investment credit by § 703 of the Tax Reform Act of 1969, Treasury returned the materials to IRS for revision. To avoid delay, the termination regulations were developed as a separate regulations project and published by Treasury in 1971 as TD 7126, 1971–2 Cum. Bull. 66. "[M]ost of the provisions in the drafts of proposed regulations at issue in this case" were not made part of TD 7126 because "they would have been of little benefit to taxpayers due to the termination of the investment credit."[2] On December 17, 1971, the regulations project was closed.

Unpublished drafts of regulations are maintained in regulations project files and "may sometimes be examined or considered by personnel who are subsequently analyzing similar issues in the context of developing private letter rulings, technical advice memoranda, or other 'IRS Determina-

---

1. For more detailed information, see the affidavit of Roger A. Bley, Defendants' Motion for Summary Judgment. Bley was the principal author of the § 48(h) drafts and is now Director of the Legislation and Regulations Division.

2. Defendants' Motion for Summary Judgment at 4; Bley affidavit.

tions.' " [3] Such drafts are not controlling interpretations of the law or expressions of IRS position, but are instead sources of ideas. Since there is no system permanently recording who has examined files, the IRS cannot definitively say whether or not agency personnel have used the § 48(h) drafts in issuing rulings.

It is Pies' position that the agency basically adopted the § 48(h) draft regulations in promulgating the Treasury Regulations issued pursuant to § 167(j). The IRS agrees that the draft regulations and Treasury Regulations § 1.167(j)–4 are sometimes identical and generally similar with respect to headings of the paragraphs, the issues discussed and the language used,[4] though the § 48(h) draft is broader in scope.

## ANALYSIS

Under FOIA exemption (b)(5),[5] an agency need not disclose predecisional deliberative materials that are part of the policy-making process. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). This governmental privilege serves to promote frank expression among policymakers and to shield the mental processes of executive and administrative personnel, in short, to protect the government from being "prematurely forced to operate in a fishbowl." S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965). *See also Mead Data Central, Inc. v. United States Department of the Air Force,* 188 U.S.App.D.C. 51, 55, 575 F.2d 932, 936 (D.C. Cir. 1978); *Tax Reform Research Group v. IRS,* 419 F.Supp. 415, 423 (D.D.C.1976). The classic predecisional documents are intra-agency memoranda, advisory opinions, drafts and recommendations. In contrast, postdecisional memoranda explaining an agency's decision are not protected by exemption (b)(5). *Renegotiation*

*Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 184, 95 S.Ct. 1491, 1500, 44 L.Ed.2d 57 (1975). It is the nature of a document and not its chronology that is determinative.

The IRS argues that the § 48(h) drafts are predecisional material because they were never enacted, but were approved by its Legislation and Regulations Division only as tentative drafts to be used for soliciting comments. Termination of the investment credit by § 703 of the Tax Reform Act of 1969 also meant termination of any revision work on the drafts and the whole regulation project was closed in 1971. Release of these unadopted drafts would not only "chill" the process of analysis required in rulemaking but would also subject the public to a misleading interpretation of § 48(h). The IRS relies upon *Virginia Independent Schools Ass'n v. Commissioner,* 137 A.F.T. R.2d ¶ 76–562 (D.D.C.1976), *aff'd mem.,* 564 F.2d 601 (1977) (revenue procedures background documents, containing predecisional deliberations on proposed changes in IRS policy with respect to tax exemptions for private schools, were protected by exemption (b)(5)); and *American Federation of Government Employees v. Department of the Army,* 441 F.Supp. 1308 (D.D.C.1977) (approval of conclusions in an investigative report did not constitute adoption of report and reasoning).

The Court, in agreement with Pies, finds the IRS argument unconvincing. The facts show that the § 48(h) draft regulations and the accompanying draft technical memorandum have been treated as a final work product by the IRS. First, the similarity between the draft regulations and Treasury Regulations § 167(j) is not coincidental; parts of the former have been incorporated verbatim into the latter.[6] Second, given its

---

**3.** Defendants' Supplemental Answers to Plaintiff's First Set of Interrogatories, Answer 1, June 7, 1979.

**4.** *Id.,* Answer 8.

**5.** 5 U.S.C. § 552(b)(5) provides that FOIA does not apply to:

inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

**6.** As an employee in the Legislation and Regulations Division of the IRS working on the

filing system, the IRS cannot show that the § 48(h) drafts have not been or will not be used and relied upon in connection with issuance of private letter rulings and other determinations. Since the specific regulation project for which the drafts were prepared was closed in 1971, due to unrelated developments, the § 48(h) drafts are not subject to continued modification or discussion.

These facts make this situation different than the usual case where a set of draft regulations has either led to no final project or has led to promulgation of final rules. In either of those cases, the unadopted preliminary drafts and advisory memoranda would not be subject to mandatory disclosure under FOIA. The case authority cited by the IRS falls into these categories and thus is distinguishable from the situation presented in Pies' complaint.

These facts provide sufficient "indication that [IRS] reasoning has been adopted," *Renegotiation Board*, 421 U.S. at 186, 95 S.Ct. at 1501, to convince the Court that the § 48(h) drafts are not predecisional. For all substantive purposes, the IRS has adopted the drafts. The IRS argument that an agency must expressly adopt every word of intra-agency material to lose the protection of exemption (b)(5) is overly narrow under the teaching of *Sears, supra*. Where the agency has, by its own actions, left the status of deliberative material ambiguous, but clearly has used that material in some final formal way, the Court must strike the balance in favor of public disclosure rather than recognize an exemption under FOIA.

This result is mandated not only by the basic disclosure policy behind FOIA, but also by the policies behind exemption (b)(5). Disclosure of the § 48(h) drafts cannot reasonably be seen as "chilling" open discussion at the policymaking levels of the IRS. Insofar as the draft regulations are incorporated into Treasury Regulations § 167(j), the drafter's work has been expressly adopted by the agency. *Sears*, 421 U.S. at

§ 167(j) Treasury Regulations, plaintiff Pies "examined, considered, and relied upon" the

161, 95 S.Ct. at 1521. Since IRS attorneys are free to use these effectively final drafts of § 48(h) material, granting access to the public as well does not leave IRS policymakers "prematurely working in a fishbowl." Exemption (b)(5) was not enacted to encourage "secret agency law," *Sears*, 421 U.S. at 153, 95 S.Ct. at 1517, or to encourage an agency to exempt a document from disclosure by refusing to adopt it formally.

For the reasons stated above, plaintiff Pies is entitled to summary judgment. An appropriate Order will be entered.

§ 48(h) draft regulations. Pies affidavit, Plaintiff's Motion for Summary Judgment.