Joseph FALCONE, Plaintiff,

v.

**INTERNAL REVENUE SERVICE,**
Defendant.

Civ. A. No. 8–72763.

United States District Court,
E. D. Michigan, S. D.

Oct. 30, 1979.

Joseph Falcone, pro se.

Bassey, Selesko, Couzens & Murphy, Southfield, Mich., for plaintiff.

L. Michael Wicks, Asst. U. S. Atty., Detroit, Mich., Patricia Scott, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## OPINION

FEIKENS, Chief Judge.

This suit is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Internal Revenue Service ("IRS") to disclose certain internal documents. Plaintiff's request for the documents was denied by the IRS. Plaintiff thereupon commenced this suit pursuant to paragraph (a)(4)(B), FOIA, which provides *de novo* review of the agency's denial in the district court and gives standing to an individual who has requested agency records and whose request has been denied.

Plaintiff contends that the documents sought are "statements of policy and interpretations which have been adopted by the agency," which must be disclosed under subsection (a)(2)(B), FOIA, and are not covered by any of the nine exemptions to disclosure enumerated in subsection (b). Defendant responds that the documents are agency records which must generally be disclosed under paragraph (a)(3), but are exempt from disclosure because they fall within the exemption for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Both parties move for summary judgment.

### I.

The documents in question are General Counsel Memorandum ("GCM") 36846 with an attached proposed revenue ruling and a one-page summary of suggested changes in the proposed ruling.

GCM's are prepared by the Chief Counsel's office during the process leading to the publication of an IRS Revenue Ruling. Proposed revenue rulings are prepared by "Technical" Division of the National Office of the IRS. The subjects of such rulings are suggested by requests for advice from district offices, letter opinions to taxpayers, court decisions, and studies conducted by

the IRS. Revenue Rulings are published by the IRS as a means of making individual advice generally known.

A draft of the revenue ruling is reviewed first at various levels within the Technical Division, including the Assistant Commissioner in charge of Technical Division. The proposed ruling is sent to the other offices within the IRS for review, and copies are sent to the Chief Counsel's Office. In the Office of Chief Counsel, the proposed ruling is briefly reviewed to determine whether more detailed consideration by the Office is warranted. If further consideration is warranted, the proposed ruling is referred to Interpretative Division, Office of Chief Counsel, and a General Counsel Memorandum is prepared. The GCM is a legal "opinion" by the Chief Counsel concerned with whether the proposed ruling is consistent with the policies and interpretations elsewhere expressed or relied upon by the agency. Int.Rev.Manual (11) 954.1 (1–12–78). In addition to the GCM, suggested changes are noted on the proposed ruling and a one-page summary of the recommended changes and reasons therefor is prepared for the benefit of supervisors within the Office of Chief Counsel. These documents, the GCM, the proposed revenue ruling with suggested changes noted, and the Staff Comment summary sheet are the subject of plaintiff's request.

A final revenue ruling is prepared and published by Technical Division from the recommended changes, if any, of the Chief Counsel and the other offices of review. Relating to the documents in question here, Revenue Ruling 76–490 was published dealing with the question whether premium payments made by an employer for group term life insurance issued on the life of an employee, where the employee irrevocably assigned the policy to a trust, constituted indirect transfers by the employee and are thus subject to the gift tax imposed by I.R.C. § 2501.

Copies of the GCM are sent to Technical Division for aid in preparing the final Revenue Ruling and are circulated for information purposes to certain officials in the IRS National Office. Copies of the GCM are also kept on file in the Chief Counsel's Office. They are used by IRS attorneys in preparing legal advice and opinions. Each time a particular GCM is used, a notation is made on the face sheet indicating in which document the GCM was subsequently used or cited. GCM 36846, the particular GCM at issue here, indicates on the face sheet disclosed by defendant that it was subsequently used on five such occasions.

## II.

■ The structure of the FOIA was briefly noted at the outset of this opinion. The first part of the Act—subsection (a)—mandates disclosure of government records. Paragraph (a)(1) requires certain documents, not here in issue, to be published in the Federal Register. Paragraph (a)(2) requires that "final opinions . . . made in the adjudication of cases"; "statements of policy and interpretations which have been adopted by the agency"; and "administrative staff manuals" shall be available for public inspection and copying and be indexed for the public's use by the agency. Paragraph (a)(3) requires that all other records be made available to the public upon reasonable request. However, certain agency records and documents which fall within the nine enumerated exemptions in subsection (b) of the Act are exempt from these disclosure requirements. Since the Act sets a policy for broad agency disclosure of records and documents which affect the public, *EPA v. Mink*, 410 U.S. 73, 74, 93 S.Ct. 827, 35 L.Ed.2d 119, the enumerated exemptions are narrowly construed. *U. S. Dept. of Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1975).

■ The central claim raised by the IRS for denying disclosure of the GCM and Staff Comment sheet is that they are exempt under Exemption 5 as inter-agency and intra-agency memoranda not available to a party in litigation with the agency. 5 U.S.C. § 552(b)(5). Exemption 5 embodies the privileges available to the government in civil discovery. *NLRB v. Sears, Roebuck*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d

29 (1974). These privileges include the deliberative process privilege; *Sears*, at 150, 95 S.Ct. 1504; the attorney-client and attorney work product privileges; *Sears*, at 154, 95 S.Ct. 1504; as well as some of the discovery privileges, such as confidential commercial information, allowed in F.R.Civ.P. 26(c). *Fed. Open Mkt. Comm. v. Merrill*, —— U.S. ——, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979). Defendant argues that the privileges for deliberative process materials, attorney-client communications, and attorney work product are applicable here.

A. *Privilege for deliberative process material.*

■ The principal purpose of Exemption 5 is the protection of the common-law evidentiary privilege that attaches to predecisional, deliberative communications within an agency. *See, Jordan v. U. S. Dept. of Justice*, 194 U.S.App.D.C. 144, 164, 591 F.2d 753, 773 (D.C.Cir. 1978). The privilege protects government agencies from exposure of advice and ideas which are expressed prior to the time the agency's decision is made and thereby promotes the efficiency and frankness of the agency deliberative process. In addition, the Supreme Court has noted that communications made prior to an agency decision which contain only suggestions or ideas for agency policies or decisions, but which do not contain any policies or decisions in fact adopted by the agency, have no importance to the public, while communications which do contain the settled policy or a decision of the agency do affect and are important to the public. *Sears, supra*, 421 U.S. at 151, 95 S.Ct. 1504.

■ Other courts have applied a two-part test to determine whether a communication is protected by this privilege. In order to be privileged, the communication must be both predecisional and of a deliberative nature. *Jordan, supra*, 194 U.S.App.D.C. at 165, 591 F.2d at 774. Documents which are drafted prior to the decision, but which are then adopted by the agency as its "final opinion" are not deliberative and, therefore, not protected. *Sears, supra*, 421 U.S. at 154, 95 S.Ct. 1504. Memoranda which are written in the process of issuing an agency decision, but which are "statements of policy and interpretations adopted by the agency," rather than merely deliberative material, are also not protected by this privilege. *Sears, supra*, at 153, 95 S.Ct. 1504.

■ When the test is applied to the documents in question here, it is clear that GCM 36846 is a "statement of policy and interpretation adopted by the agency" and is not deliberative. GCM's are prepared during the decision-making process for a revenue ruling. They are not, however, only suggestions and inputs for the specific revenue ruling; rather, they state current agency interpretations and note where the proposed ruling may differ. The fact that GCM's state agency interpretations makes them useful for legal advice in cases other than the one for which they are prepared. GCM 36846 was submitted *in camera* and is instructive as to the precedential weight given GCM's by IRS attorneys. GCM 36846 cites Internal Revenue Code provisions, Treasury Regulations, and other GCM's (cited by number) as authority for the positions it states. Obviously, GCM's are widely recognized within the IRS as statements of agency interpretation for the tax questions for which they are prepared. Despite this, up to now they have not been disclosed to the public. It is precisely this "secret law" which FOIA was designed to eliminate. K. Davis, *Administrative Law of the Seventies* 70 (1976).

This finding that GCMs state current agency policies and interpretations, and do not merely suggest changes in the proposed ruling, is supported by the affidavit of Mr. Jerome Sebastian, submitted by defendant. The affidavit states, "GCM's are maintained by the Office of Chief Counsel and frequently cited in subsequent GCM's to insure consistency, avoid duplication of research, provide a reference source, and update earlier memoranda when a position on an issue is sustained, modified, or changed within the Office of Chief Counsel." Obviously, GCM's would not be valuable in insuring consistency unless they stated positions adopted by the agency to which subsequent rulings must be conformed.

Defendant argues that Internal Revenue Manual § 4245.3 forbids using GCM's as precedent, and therefore, GCM's do not state policies "adopted by the agency."[1] The Manual does not state that GCM's may not be used by agency personnel as statements of current policy of the agency, and the evidence indicates that in fact they are so used. Furthermore, it is not required that the GCM be absolutely binding on the agency; it is sufficient if the evidence indicates that the documents are considered by the agency to be the "settled and established policy of the [agency]." *Jordan, supra,* 194 U.S.App.D.C. at 165, 591 F.2d at 774.

Defendant also argues, based on *Renegotiation Board v. Grumman Aircraft,* 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975), that predecisional memoranda prepared to assist the agency decision-maker in making the decision are privileged. The memoranda in question in *Grumman,* however, were only recommendations for agency action, and there was no indication that they contained the policies or reasoning adopted by the agency in making its decision. *Grumman, supra,* at 186. In addition, the Supreme Court in *Grumman* relied heavily on the fact that the memoranda in question were written by officials having no decision-making authority. *Supra,* at 185, 95 S.Ct. 1491. In contrast, the Office of Chief Counsel is specifically instructed in the Internal Revenue Manual to determine whether the proposed ruling is inconsistent with the interpretations and policies adopted by the agency.[2]

While the evidence clearly indicates that GCM's are statements of policy and interpretations adopted by the agency, the same is not true for the draft revenue ruling and the Staff Comment sheet. Those documents are part of the process of issuing a Revenue Ruling and are used only as part of that process. Thus, these documents are deliberative and are protected from disclosure by the privilege for deliberative process materials.

### B. *Attorney-client privilege.*

■ Exemption 5 also exempts from disclosure documents which are protected by the common law attorney-client privilege. *Mead Data Central v. U. S. Dept. of Air Force,* 184 U.S.App.D.C. 350, 360, 566 F.2d 242, 252 (D.C.Cir. 1977). The privilege protects the freedom of consultation between clients and attorneys by prohibiting disclosure of the substance of communications made in confidence between an attorney and a client. *United States v. Pipkins,* 528 F.2d 559, 562 (5th Cir. 1976). Where the client is an organization, such as is the case here, the prevailing rule is that the privilege extends to communications between attorneys and all agents or employees of the organization who are authorized to act or speak for the organization in relation to the subject matter of the communication. *Mead Data, supra,* 184 U.S.App.D.C. at 361, n. 24, 566 F.2d at 253, n. 24.

■ Although Exemption 5 includes the attorney-client privilege, the privilege as applied in FOIA cases is not in every case consistent with the privilege as applied between private parties. The FOIA calls for broad disclosure and, therefore, the privilege must be limited to communications essential to the purpose of the privilege in the agency context. In *Niemeier v. Watergate Spec. Prosecution Force,* 565 F.2d 967, 974 (7th Cir. 1977), the attorney-client privilege in FOIA cases was limited to documents which were attorney work

---

1. Int.Rev.Manual 4245.3(3) states that "GCM's shall not be used as precedents in the disposition of other cases, but may be maintained and used in support of a district office position on an issue."

2. Int.Rev.Manual (11) 954.1 states that where the Chief Counsel has been previously involved in the issue, the GCM's should state whether the proposed ruling is "consistent with previous advice and reflects the current views of the Chief Counsel." In other cases, the GCM should state whether the policy announced in the ruling is consistent with the positions taken by the agency in litigation or regulations. In order to state whether the proposed ruling is consistent with agency policy and interpretations, the GCM must state what those policies and interpretations are.

product and where litigation is contemplated. It is not necessary to construe the privilege that narrowly in this case, and I do not do so. I do hold, however, that documents which are "statements of policy and interpretations adopted by the agency" and which are not prepared in anticipation of litigation are not privileged attorney-client communications. Where litigation is contemplated, it is essential that the agency be able to prepare its case with some privacy. In other contexts, however, a broad attorney-client privilege would permit legal opinions, recognized as authoritative interpretations within the agency, to be hidden from the public. Further, it is clear that the purpose of the privilege is not to protect communications which are statements of policy and interpretations adopted by the agency. "Under these circumstances, such documents 'are not the ideas and theories which go into the making of the law, they are the law itself, and as such should be made available to the public.'" *Niemeier, supra*, at 974.

### C. *Attorney work product.*

The Supreme Court held in *NLRB v. Sears, Roebuck, supra*, that Exemption 5 included the traditional attorney's work product privilege. The contours of this privilege were established in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The essential prerequisite of the privilege is that the privilege is limited to materials "prepared in anticipation of litigation or for trial." F.R.Civ.P. 26(b)(3). *Jordan v. U. S. Dept. of Justice, supra*, 194 U.S.App.D.C. at 166, 591 F.2d at 775. Defendant has made no showing nor is there any evidence that GCM's are prepared in anticipation of litigation. Rather, they are prepared during the process of issuing an IRS Revenue Ruling and concern whether the proposed ruling is consistent with the policies of the agency. The attorney work product privilege clearly does not apply to the General Counsel Memoranda.

In summary, I hold that General Counsel Memorandum 36846 is not exempt under 5 U.S.C. § 552(b)(5) and must be available to

the public for inspection and copying. The proposed revenue ruling and summary sheet need not be disclosed, however, since they are only used in the deliberative process.