Joseph FALCONE, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

Civ. A. No. 78–72763.

United States District Court,
E. D. Michigan, S. D.

April 7, 1982.

Joseph Falcone, Bassey, Selesko, Couzens & Murphy, Southfield, Mich., for plaintiff.

Edward J. Snyder, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES

FEIKENS, Chief Judge.

Plaintiff, Joseph Falcone ("Falcone"), is a tax attorney. In June of 1978 he requested of the Internal Revenue Service ("IRS"), defendant, copies of a General Counsel Memorandum ("GCM"), number 36846, a face sheet to the memorandum, and a one-page staff comment. The request was made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and was denied under exemption (b)(5) covering deliberative documents. Falcone made the request on behalf of a client but the exigency of the client's problem required a decision before I could review the agency's denial. Nevertheless, Falcone in his own name, acting as a private attorney general, pursued the release in this court.

In the course of the litigation, the Internal Revenue Service released the cover sheet and on October 30, 1979, I granted Falcone's motion for summary judgment and ordered IRS to release the GCM. IRS appealed the decision but later withdrew the appeal following the decision of the United States Court of Appeals for the D.C. Circuit that GCMs were not exempt under the FOIA. *See, Taxation With Representation Fund v. Internal Revenue Service,* 646 F.2d 666 (D.C.Cir.1981).

Before me now is Falcone's motion for attorney fees under 5 U.S.C. § 552(a)(4)(E). That section provides:

The Court may assess the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

Despite its rather liberal language, the section has consistently been read more narrowly. Like the more recent and more generally applicable Equal Access to Justice Act of 1980,[1] Section 552(a)(4)(E) has been limited to cases in which the government's action was unreasonable. In addition, under the FOIA, the court must find that the public was benefited by the release and that the plaintiff's request was not motivated by a commercial interest.

The source of the extra-textual criteria is the Senate's version of the section and its accompanying comments. That version would have specifically required the court to:

> ... consider the benefit to the public, if any, deriving from the case, the commercial benefit to the complainant and the nature of his interest in the records sought, and whether the Government's withholding of the records sought had a reasonable basis in law.

120 Cong.Rec. 17045–47 (1974). Even though this language was deleted from the final version, almost every court that has interpreted the section has relied on the Senate's discussion. The U.S. Court of Appeals for the Sixth Circuit has not addressed the Act but the D.C. Circuit adopted the analysis in *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977); the Fourth Circuit in *Nix v. United States*, 572 F.2d 998 (4th Cir. 1978); the Fifth Circuit in *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978); and the Ninth Circuit in *Polynesian Cultural Ctr. v. N.L.R.B.*, 600 F.2d 1327 (9th Cir. 1979). The D.C. Circuit has thoroughly explained the rationale in its opinion in *Nationwide Bldg. Maintenance, Inc. v. Sampson*, 559 F.2d 704 (D.C.Cir.1977), and I will not repeat it here.

■ Applying the criteria in this case I find that an award of attorney fees would be inappropriate and Falcone's petition must be denied. I have no difficulty in finding that Falcone substantially prevailed in this suit. During the pendency of the suit, IRS released the cover sheet, undoubtedly only because of the suit, and I ordered IRS to release the GCM, the principal object of the request. The only document Falcone did not obtain was the one-page comment.

I also find that the release of the GCM did serve a substantial public benefit. As I stated in my opinion granting summary judgment:

> Obviously, GCMs are widely recognized within the IRS as statements of agency interpretation for the tax questions for which they are prepared. Despite this, up to now they have not been disclosed to the public. It is precisely this "secret law" which the FOIA was designed to eliminate.

*Falcone v. Internal Revenue Service*, 479 F.Supp. 985, 988 (E.D.Mich.1979). Further evidence of their value is the fact that Prentice-Hall is currently publishing GCMs as part of its Tax Reporter Service.

Although Falcone is a tax lawyer, I find that he had no commercial interest in the information. In sworn answers to the interrogatories of the IRS, he stated that the suit was not brought on behalf of any client and that no client stood to gain from the release of the particular GCM he sought. Without a paying client, it is difficult to see how Falcone stood to gain financially.

I do not award the fee, however, because I find that the IRS did not act unreasonably in denying Falcone's request. Rereading my opinion granting summary judgment, I recall that the decision was difficult. In fact, after my decision in this case, at least one other district court decided that GCMs were exempt from disclosure. *See, Cliff v. Internal Revenue Service*, 496 F.Supp. 568 (S.D.N.Y.1980). Also, before these decisions, no court had published an opinion on

---

1. Pub.L.No. 96–481, § 201 *et seq.*, 94 Stat. 2325–2330 (1980), particularly as it amends 28 U.S.C. § 2412.

the issue and it was not until 1981 that a circuit court finally considered whether GCMs were exempt. *See, Taxation With Representation Fund v. Internal Revenue Service,* 646 F.2d 666 (D.C.Cir.1981) (ordering release).

For these reasons I find the IRS had reason to believe its GCMs might be exempt and therefore I must deny Falcone's petition. An appropriate order follows.