**Joseph FALCONE, Plaintiff-Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant-Appellee.**

No. 82–1377.

United States Court of Appeals, Sixth Circuit.

Argued May 24, 1983.

Decided Aug. 8, 1983.

James A. D'Agostini (argued), Bassey, Selesko, Couzens & Murphy, Southfield, Mich., for plaintiff-appellant.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., Glenn L. Archer, Michael L. Paup, Richard W. Perkins, Stephen Gray (argued), Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before LIVELY and CONTIE, Circuit Judges, and SILER, District Judge.*

CONTIE, Circuit Judge.

In *Wolfel v. United States,* 711 F.2d 66 (6th Cir.1983) we held that a *pro se* Freedom of Information Act (FOIA) plaintiff who is not an attorney is not entitled to attorney's fees. Today we hold that the same rule applies to *pro se* FOIA plaintiffs who also happen to be attorneys.

The plaintiff, a tax attorney, obtained the release of certain Internal Revenue Service documents, *Falcone v. Internal Revenue Service,* 479 F.Supp. 985 (E.D.Mich.1979), and then petitioned for attorney's fees pur-

---

* The Honorable Eugene E. Siler, Jr., U.S. District Judge for the Eastern and Western Districts of

Kentucky, sitting by designation.

suant to 5 U.S.C. § 552(a)(4)(E). The district court found that the plaintiff was a prevailing party but denied the petition for fees on the basis that the IRS had not acted unreasonably in refusing to release the requested documents. *Falcone v. Internal Revenue Service,* 535 F.Supp. 1313 (E.D. Mich.1982). The plaintiff now appeals. Since this case involves a *pro se* FOIA plaintiff, our recent decision in *Wolfel* requires that we first consider the government's contention that the plaintiff's *pro se* status precludes the award of any fees.

Several courts which have denied attorney's fees to *pro se* non-lawyer FOIA plaintiffs have raised but not decided the issue of whether such litigants who also happen to be attorneys should be treated differently. *See, e.g., Cunningham v. F.B.I.,* 664 F.2d 383, 385 n. 1 (3d Cir.1981); *Barrett v. Bureau of Customs,* 651 F.2d 1087, 1089 (5th Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982). The District of Columbia Circuit has held that a *pro se* attorney plaintiff can recover attorney's fees under FOIA because such litigants "enhance the public interest by bringing the government into compliance with the law." *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1366 (D.C.Cir.1977).[1] *Cuneo* is not persuasive authority, however, because the District of Columbia Circuit has used this same analysis to justify its subsequent holding that *all pro se* FOIA plaintiffs are eligible for attorney's fees. *Cox v. United States Department of Justice,* 601 F.2d 1, 5–6 (D.C.Cir. 1979). This circuit has declined to adopt this rule, and has instead held that *pro se* FOIA plaintiffs generally are not entitled to recover attorney's fees.. *Wolfel, supra.* Whereas the proper inquiry under the District of Columbia Circuit's rule is whether a *pro se* plaintiff who would otherwise be entitled to fees should be denied those fees

"simply because he happens to be an attorney," *Cuneo,* 553 F.2d at 1366, the question before us, in light of *Wolfel,* is whether fees should be awarded simply because the *pro se* plaintiff also happens to be an attorney.

We hold that the same reasons which led us, and the majority of the other circuits,[2] to deny attorney's fees to *pro se* non-lawyer FOIA plaintiffs apply with equal validity to *pro se* attorney plaintiffs.

The award of attorney's fees to successful FOIA plaintiffs was intended to relieve plaintiffs with legitimate claims of the burden of legal costs; it was not intended as a reward for successful claimants or as a penalty against the government. *See Wolfel,* 711 F.2d at 68–69; *Barrett,* 651 F.2d at 1089–90. Thus, we held in *Wolfel* that those claimants who chose to proceed without legal representation were not entitled to be compensated for legal costs which were never incurred.[3] The same reasoning applies to *pro se* plaintiffs who are also attorneys since no legal costs are incurred in such cases. Since the plaintiff never assumed the burden which Congress intended to ease, an award of fees is inappropriate.

A second reason for denying fees to *pro se* FOIA plaintiffs is that the provision for attorney's fees was intended to encourage potential claimants to seek legal advice before commencing litigation. *Barrett,* 651 F.2d at 1089–90. It was hoped that the retention of legal counsel might help to prevent unnecessary litigation. *Id.* An attorney who represents himself in litigation may have the necessary legal expertise but is unlikely to have the "detached and objective perspective" necessary to fulfill the aims of the Act. *Cf. White v. Arlen Realty & Development Corp.,* 614 F.2d 387, 388 (4th Cir.), *cert. denied,* 447 U.S. 923, 100

---

1. The plaintiff in *Cuneo* was also represented without compensation by his law partners but the court's reasoning appears to apply broadly to all *pro se* attorney plaintiffs. *See Cox v. United States Dept. of Justice,* 601 F.2d 1, 5 (D.C.Cir.1979).

2. *See* cases cited at *Wolfel v. United States,* 711 F.2d at 67–68.

3. We note that neither this case nor *Wolfel* involves the situation where the plaintiff obtains the services of a legal services organization or an attorney on a contingency basis. We express no view on the availability of attorney's fees in such cases.

S.Ct. 3016, 65 L.Ed.2d 1116 (1980) (denying attorney's fees to *pro se* attorney plaintiff in Truth-in-Lending Act case.)

A final concern in denying attorney's fees to *pro se* plaintiffs is the fear of creating a "cottage industry" for claimants using the Act solely as a way to generate fees rather than to vindicate personal claims. *Wolfel,* 711 F.2d at 68–69, citing *Crooker v. United States Dept. of the Treasury,* 634 F.2d 48, 49 (2d Cir.1980). Although *Crooker* involved a plaintiff who was a prisoner, the fear that the United States could become an unwilling "client" for inactive attorneys is not irrational. *See White,* 614 F.2d at 388. We do not believe that Congress intended to so subsidize attorneys without clients.[4]

The Second Circuit has suggested that *pro se* plaintiffs, presumably including attorneys, could recover fees if they showed that prosecution of their FOIA claim diverted them from income-producing activity. *Crooker v. Dept. of Treasury,* 634 F.2d 48, 49 (2d Cir.1980). Although such a rule may negate the fear of inactive attorneys bringing FOIA claims solely to generate fees, it would produce difficult problems of proof. In any event, the rule is unsatisfactory because it does not address the other reasons which have led us to deny fees to *pro se* litigants.

In *Wolfel,* we rejected the minority view that successful *pro se* FOIA plaintiffs should be awarded attorney's fees despite the fact that the public may have benefitted from the actions of those litigants. The fortuitous fact that such a FOIA plaintiff is also an attorney makes no difference. Both a client and an attorney are necessary ingredients for an award of fees in a FOIA case.

The judgment of the district court is AFFIRMED.

**4.** In *Ellis v. Cassidy,* 625 F.2d 227 (9th Cir. 1980), attorney's fees were awarded to *pro se* attorney litigants in a civil rights case. The case is distinguishable on the ground that the attorneys were defendants in the case. "[They] did not seek out a chance for *pro se* litigation to compensate for an inactive practice; they were

forced to defend against frivolous claims made by a plaintiff who is apparently bent on endless litigation." *Id.* at 231. Also, fees are awarded under 42 U.S.C. § 1988 to defendants only to deter frivolous litigation, a purpose that is not found in 5 U.S.C. § 552(a)(4)(E).