No. 85–1235.   POYTHRESS ET AL. v. KESSLER.   C. A. 11th Cir.   Certiorari denied.

CHIEF JUSTICE BURGER, with whom JUSTICE WHITE joins, dissenting.

This petition presents the question whether a prevailing plaintiff, a lawyer, who acted for herself may recover attorney's fees under 42 U. S. C. § 1988.   The Courts of Appeals have uniformly held that a *pro se* litigant may not recover attorney's fees under § 1988, since such a litigant does not require the assistance of an attorney to enforce his rights.   *Lovell* v. *Snow*, 637 F. 2d 170 (CA1 1981); *Pitts* v. *Vaughn*, 679 F. 2d 311 (CA3 1982); *Cofield* v. *City of Atlanta*, 648 F. 2d 986 (CA5 1981); *Rheuark* v. *Shaw*, 628 F. 2d 297 (CA5 1980), cert. denied *sub nom. Rheuark* v. *Dallas County, Texas*, 450 U. S. 931 (1981); *Davis* v. *Parratt*, 608 F. 2d 717 (CA8 1979); *Turman* v. *Tuttle*, 711 F. 2d 148 (CA10 1983).

Here, the Court of Appeals for the Eleventh Circuit required the District Court to award fees to respondent Kathleen Kessler, who is an attorney, even though she was proceeding *pro se*.   777 F. 2d 1508 (1985).   In the analogous context of attorney's fee awards under the Freedom of Information Act, 5 U. S. C. § 552(a)(4)(E), the Courts of Appeals have reached conflicting conclusions concerning whether a *pro se* plaintiff who is also an attorney is entitled to fees.   Compare *Falcone* v. *Internal Revenue Service*, 714 F. 2d 646 (CA6 1983) (attorney-litigant denied fees), cert. denied, 466 U. S. 908 (1984), with *Cazalas* v. *United States Dept. of Justice*, 709 F. 2d 1051 (CA5 1983) (attorney-

litigant entitled to fees). District Courts have also reached conflicting determinations concerning an attorney-plaintiff's eligibility for fees under § 1988. Compare *Rybicki* v. *State Board of Elections of Ill.*, 584 F. Supp. 849 (ND Ill. 1984) (attorney-plaintiff entitled to fees), with *Lawrence* v. *Staats*, 586 F. Supp. 1375 (DC 1984) (attorney-plaintiff denied fees).

Because the award of fees under § 1988 and under the Freedom of Information Act have much in common, and because the award of fees in this case is in conflict with the general rule against the award of fees to *pro se* litigants, I would grant certiorari in order to resolve the conflicting decisions in the lower federal courts.