**Eduardo M. BENAVIDES, Appellant,**

v.

**BUREAU OF PRISONS, Appellee.**

No. 91–5420.

United States Court of Appeals, District of Columbia Circuit.

Argued May 5, 1993.

Decided May 28, 1993.

John J. Hoeffner, with whom Steven H. Goldblatt, Washington, DC, was on the brief, for appellant.

R. Craig Lawrence, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, John D. Bates, Michael J. Ryan and John C. Martin, Asst. U.S. Attys., were on the brief, for appellee.

Before: MIKVA, Chief Judge, EDWARDS and BUCKLEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

In 1988, Eduardo M. Benavides, *pro se,* filed suit against the Bureau of Prisons ("BOP") seeking release of certain records pursuant to the Freedom of Information Act ("FOIA"). The District Court ordered the records released, but nearly two years passed during which the BOP took no action to comply with the court's order. Benavides then filed a motion for further relief, seeking enforcement of the original order of the trial court, along with attorney fees and costs, a citation of contempt against the BOP, and other sanctions. In response to this motion, the BOP released the requested documents to Benavides; the District Court then denied the motion for further relief. Benavides now

appeals from the judgment of the District Court.* Finding no error, we affirm.

## I. BACKGROUND

On October 5, 1988, Benavides filed a *pro se* FOIA suit in the District Court, seeking certain records from the BOP. The Government did not respond to the complaint and, on August 28, 1989, the court granted Benavides' request. After nearly two years had passed, during which time the BOP failed to comply with the District Court's order, Benavides filed a motion for further relief, requesting, *inter alia*, that the court issue an order requiring production of the releasable documents; holding the BOP in contempt; imposing other appropriate sanctions on the BOP; and awarding attorney fees and costs in favor of Benavides. The BOP responded on August 23, 1991, informing the District Court that the requested documents had been mailed to Benavides two days earlier. Although Government officials claimed to be unable to determine the precise reason for the delay, the BOP opposed Benavides' motion for sanctions on the ground that its noncompliance was the result of good faith error.

On October 18, 1991, the District Court denied Benavides' motion for further relief, finding that the BOP had complied with the District Court's release order and that the earlier noncompliance was in good faith. This appeal followed.[1]

On appeal, Benavides raises three contentions. First, he argues that the District Court erred in failing to consider whether to award him attorney fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E) (1988).[2] Second, Benavides contends that the District Court abused its discretion in failing to issue a written finding under 5 U.S.C. § 552(a)(4)(F).[3] Finally, Benavides asserts that the District Court abused its discretion in failing to hold the responsible Government officials in contempt pursuant to 5 U.S.C. § 552(a)(4)(G).[4]

## II. DISCUSSION

■ The principal issue raised by this appeal is whether Benavides, a *pro se* non-attorney, is eligible for attorney fees under section 552(a)(4)(E) of FOIA. The law in this circuit, until today, has been that *pro se* non-attorney litigants are eligible for reason-

---

\* On appeal, Steven H. Goldblatt, director of the appellate litigation clinic at Georgetown University Law Center, was appointed by this court to represent Mr. Benavides. He was ably assisted by John J. Hoeffner, supervising attorney, and two law students, Brian L. Heller and Robert T. Magill. Together, their efforts provided Mr. Benavides with extremely competent counsel in pursuit of this appeal. The Court is appreciative of this *pro bono publico* legal assistance.

1. On appeal, the Government does not oppose Benavides' request for costs, *i.e.*, as distinguished from attorney fees. The Government asserts that, "[i]n connection with his motion for further relief, appellant sought additional costs of $10 for 'supplies and postage in attempting to have [appellee] comply with the [District] Court's order.' Appellee will not dispute appellant's entitlement to these costs and will promptly take the necessary steps to reimburse him the $10 requested." Government's Brief at 22 (citation omitted).

2. Section 552(a)(4)(E) reads:
   The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

3. Section 552(a)(4)(F) reads:

Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.

4. Section 552(a)(4)(G) reads:
   In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member.

able attorney fees under FOIA in cases in which they have substantially prevailed in claims against the Government. *See Cox v. United States Dep't of Justice,* 601 F.2d 1, 5–6 (D.C.Cir.1979) (*pro se* layperson eligible for attorney fees). Every other circuit considering the issue has ruled otherwise. *See Wolfel v. United States,* 711 F.2d 66, 68 (6th Cir.1983) (following the First, Third, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits in disallowing attorney fee awards on behalf of *pro se* non-attorney litigants under FOIA). In light of the Supreme Court's decision in *Kay v. Ehrler,* —— U.S. ——, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), we are now constrained to change our position and follow the view of our sister circuits.

*Kay* addressed the question whether an attorney who represents himself in a successful civil rights action may be awarded "a reasonable attorney's fee" under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.[5] In the course of rejecting the petitioner's claim for fees, the Supreme Court noted that

> [t]he Circuits are in agreement ... on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees. Petitioners do not disagree with these cases ... and we are also satisfied that they were correctly decided.

—— U.S. at ——, 111 S.Ct. at 1436–37 (emphasis in original) (footnote omitted). We recognize that this statement in *Kay* arose in the context of a claim for fees under 42 U.S.C. § 1988, not under FOIA; nonetheless, the opinion gives a clear indication that, absent congressional intent to the contrary, the Supreme Court believes that the word "attorney," when used in the context of a fee-shifting statute, does not encompass a layperson proceeding on his own behalf.

Benavides maintains that the Court's decision in *Kay* does not require us to abandon the existing law of this circuit. In particular, he argues that the section 1988 and FOIA fee-shifting provisions are not coterminous because the purposes underlying each provision are different. Thus, Benavides contends, on the one hand, that the attorney fees provision in section 1988 is meant to "ensur[e] the effective prosecution of meritorious claims." *Id.* at ——, 111 S.Ct. at 1438. Hence, he argues, the Court's position in *Kay* is perfectly consistent with this purpose: were *pro se* litigants permitted to recover fees, they would have less incentive to retain a lawyer, and, as the Court in *Kay* noted, the conventional thinking is that "[e]ven a skilled lawyer [—to say nothing of a non-attorney—] who represents himself is at a disadvantage in contested litigation." *Id.*

On the other hand, according to Benavides, the fee provision in FOIA is designed principally to deter Government noncompliance. *See Nationwide Bldg. Maintenance, Inc. v. Sampson,* 559 F.2d 704, 711 (D.C.Cir.1977) (fee provision removes incentive for agency resistance to disclosure requests solely based on impecuniousness of FOIA plaintiff). Thus, Benavides reasons, unlike the fee-shifting provision in section 1988 (which is intended to provide an incentive to litigants to hire qualified counsel), the FOIA fee-shifting provision is primarily aimed at promoting Government compliance. In short, Benavides sees the fee-shifting provision under FOIA as a deterrent against or sanction for Government inaction. Under this view, a plaintiff's status as a non-attorney is irrelevant.

The problem with Benavides' arguments is that the premises upon which they rest are untenable. First, the Supreme Court's analysis in *Kay* implicitly rejects the posited distinction between fee claims arising under section 1988 and FOIA. *See* —— U.S. at —— n. 4, 111 S.Ct. at 1436 n. 4. In the course of its discussion, the Court refers with apparent approval to the decision in *Falcone v. IRS,* 714 F.2d 646 (6th Cir.1983), *cert. denied,* 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984). In *Falcone,* the Sixth Circuit held that FOIA does not permit attorney fee awards even to a *pro se* attorney, because the purpose of the fee-shifting provi-

---

5. Section 1988(b) reads:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b) (Supp. III 1991).

sion is to lower the burden of legal costs for claimants with legitimate claims and to encourage potential claimants to seek detached and objective legal expertise before commencing litigation. 714 F.2d at 647–48. The District Court in *Kay*, as the Supreme Court observes, relied on *Falcone* in deciding to deny attorney fees to the *pro se* litigant under section 1988. *Kay*, —— U.S. at ——, 111 S.Ct. at 1436. In discussing *Falcone*, the Supreme Court in *Kay* says absolutely nothing to suggest that the rationale given to support the holding in *Falcone* was wanting or that the considerations affecting the disposition of fee claims under FOIA and section 1988 should be viewed differently.

Second, although Benavides tries mightily to show that the statutory purposes underlying the fee-shifting provisions of section 1988 and FOIA are strikingly different, his arguments on this point simply do not hold. Indeed, the *primary* purpose of the FOIA attorney fee provision is virtually identical to the purpose underlying section 1988: "the fundamental purpose of section 552(a)(4)(E) [is] to facilitate citizen access to the courts to vindicate their statutory rights." *Sampson*, 559 F.2d at 715: *see also id.* at 711 (" '[t]oo often the barriers presented by court costs and attorneys' fees are insumountable [sic] for the average person requesting information' ") (quoting S.Rep. No. 93–854, 93d Cong., 2d Sess. (1974)); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (D.C.Cir.1977) (same). To the extent that the fee-shifting provision in FOIA helps deter violations of the law, that result is only a serendipitous by-product of encouraging aggrieved individuals to obtain an attorney. To be sure, *pro se* FOIA litigants may receive more responsive treatment from the Government if they are able to obtain fee awards in the event that they substantially prevail on the merits. However, this is irrelevant to the question whether a *non*-attorney can claim an *attorney's* fee under a statutory provision that is precisely limited to "reasonable *attorney's* fees and other litigation costs." As the Supreme Court noted in *Kay*, the word "attorney" does not encompass laypersons. That judgment is dispositive of the instant action, for we can find no reasonable way to distinguish 42 U.S.C. § 1988(b) and 5 U.S.C.

§ 552(a)(4)(E) with respect to the availability of fees for non-attorney litigants.

■] Turning to Benavides' remaining claims, we review the District Court's refusal to issue a contempt citation or otherwise sanction the BOP under the abuse of discretion standard. *Cf. Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 43 (D.C.Cir.1990) (decision to issue rule 11 sanctions within the discretion of the District Court); *International Ass'n of Machinists & Aerospace Workers v. Eastern Airlines, Inc.*, 849 F.2d 1481, 1486 (D.C.Cir.1988) (finding of civil contempt reviewed for abuse of discretion). Although the record is sparse, we find no reason to question the District Court's decision to credit the BOP's alleged unawareness of its noncompliance. Furthermore, the BOP has now complied with the disclosure order and, therefore, a contempt order is unnecessary to ensure compliance. Thus, the District Court did not abuse its discretion in refusing to sanction the BOP or issue a contempt citation.

### III. CONCLUSION

In order to be faithful to the Supreme Court's analysis in *Kay*, we reverse our earlier course and hold that a *pro se* non-attorney may not recover attorney fees under 5 U.S.C. § 552(a)(4)(E). In doing so, we do not intend to make any comment on the availability of fees to *pro se* attorneys under that section. Furthermore, we hold that the District Court was within its discretion in refusing to sanction the BOP or find the agency in contempt. Therefore, the judgment of the District Court is affirmed.

*So ordered.*