Michael D. RAY, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION & NATURALIZATION SERVICE, Defendant.

No. 89–0288–CIV.

United States District Court, S.D. Florida.

July 5, 1994.

Neil D. Kolner, Miami, FL, for plaintiff.

Dexter A. Lee, Asst. U.S. Atty., Miami, FL, for defendant.

## ORDER

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Attorney's Fees and Costs. (Docket Entry "DE" 59).

THE MATTER was referred to the Honorable Peter R. Palermo, United States Mag-istrate Judge. The Magistrate Judge has filed a Report and Recommendation dated October 15, 1992 (DE 77). The Plaintiff and the Defendant have filed objections to the Report and Recommendation. (DE 78, 80). In addition, both the Plaintiff and the Defendant have filed responses to the objections of the other party. (DE 81, 82).

## I. Background

### A. Procedural History

Plaintiff, Michael Ray, filed an action under the Freedom of Information Act, 5 U.S.C.A. § 552 (West 1977) ("FOIA"), requesting that this Court issue an injunction requiring the U.S. Department of Justice, Immigration and Naturalization Service to produce certain agency records relating to the interdictions of six vessels carrying Haitian nationals. After trial in this matter, the Court entered an injunction, requiring the INS to comply with the 10–day time limit set forth in 5 U.S.C.A. § 552(a)(6)(A), (B) and (C). *Ray v. U.S. Dept. of Justice, I.N.S.,* 770 F.Supp. 1544, 1552 (S.D.Fla.1990). In granting the injunction, the Court rejected the Government's argument that the names and addresses contained in the documents were exempt from disclosure under 5 U.S.C.A. § 552(b)(6), relying on *Ray v. Dept. of Justice,* 908 F.2d 1549 (11th Cir.1990). After the Court granted the injunction, Plaintiff filed the instant motion for attorney's fees.

Subsequently, the Supreme Court, in *U.S. Dept. of State v. Ray,* 502 U.S. 164, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991), reversed on other grounds *Ray v. Dept. of Justice,* 908 F.2d 1549 (11th Cir.1990). The Eleventh Circuit then granted the Government's Motion to Vacate and Remand the District Court's Disclosure Order. This Court had to determine whether Plaintiff was entitled to receive the redacted portions of the documents he requested, in light of the Supreme Court's decision in *U.S. Dept. of State v. Ray,* 502 U.S. 164, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). This Court mandated disclosure of the majority of the redacted information in *Ray v. United States Dept. of Justice, I.N.S.,* 852 F.Supp. 1558 (S.D.Fla.1994).

### B. Motion for Attorney's Fees and Costs

Plaintiff Ray, an attorney, filed this motion for attorney's fees and costs, claiming that because he had substantially prevailed, the Court should award attorney's fees for his services and those of his attorney, as well as costs.[1] In addition, he argued that the Court should apply an enhancement factor of two, due to the fact that Plaintiff's counsel accepted this case on a contingency basis and he would have received no compensation if Plaintiff had not prevailed. Plaintiff asked this Court to award fees for 72.3 hours of work at $175.00 per hour for his own services and 139.1 hours at $150.00 for the services of his counsel, Mr. Kolner. Applying the enhancement factor, Plaintiff requested a total of $67,035.00 in attorney's fees. Plaintiff also requested costs in the amount of $647.85.

The Government opposed the Plaintiff's motion, arguing that the Court should not award fees and costs because he had not substantially prevailed. In addition, the Government argued that the Court should not apply an enhancement factor.

On October 16, 1992, Magistrate Judge Palermo issued a Report and Recommendation (DE 77). He recommended that the Court award attorney's fees to the Plaintiff for his own services and for those of his attorney in the total amount of $33,517.50, as well as costs in the amount of $647.85. The Magistrate Judge recommended, however, that this Court should not apply an enhancement factor.

Plaintiff objected to the Magistrate Judge's recommendation that this Court should not apply an enhancement factor for his services and for those of his attorney. Plaintiff also asked for fees and costs expended in litigating the fees issue. Defendant objected to the award of attorney's fees for Plaintiff's own services. In addition, Defendant objected to an award of attorney's fees for the time spent preparing a motion for contempt.

By Order dated May 27, 1993, this Court awarded the Plaintiff $19,515.00 in uncontest-

ed attorney's fees and $647.85 in uncontested costs. (DE 84). The award included attorney's fees for the services of Plaintiff's attorney, Mr. Kolner, and the requested costs. The interim award excluded any fee award for the Plaintiff's own services. In addition, the fee award did not contain fees for nine hours spent by Mr. Kolner in preparing a motion for contempt.

The issues presently before the Court are whether to award attorney's fees for Mr. Ray's services and the nine hours spent by Mr. Kolner in preparing the motion for contempt, and whether to apply an enhancement factor in calculating the fee award. In addition, the Court must decide whether to award the requested fees and costs incurred in the fees litigation.

### II. Analysis

#### A. Plaintiff's Request for Attorney's Fees for His Own Services

█ The Court must determine first whether a pro se litigant, who is also an attorney, may recover attorney's fees under FOIA. All Circuits that have considered the issue are in agreement that a pro se litigant who is not an attorney may not recover attorney's fees under FOIA. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259 (D.C.Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 559, 126 L.Ed.2d 460 (1993); *DeBold v. Stinson*, 735 F.2d 1037, 1042–43 (7th Cir. 1984); *Wolfel v. United States*, 711 F.2d 66, 68–69 (6th Cir.1983); *Clarkson v. I.R.S.*, 678 F.2d 1368, 1368–1371 (11th Cir.1982), *cert. denied*, 481 U.S. 1031, 107 S.Ct. 1961, 95 L.Ed.2d 533 (1987); *Cunningham v. FBI*, 664 F.2d 383, 384–387 (3d Cir.1981); *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1090 (5th Cir.1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982); *Crooker v. U.S. Dept. of Treasury*, 634 F.2d 48, 49 (2d Cir.1980); *Burke v. U.S. Dept. of Justice*, 559 F.2d 1182 (10th Cir.1977). The four Circuits that have addressed directly the issue of whether a pro se attorney litigant can recov-

---

1. FOIA provides in pertinent part that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this sec-

tion in which the complainant has substantially prevailed." 5 U.S.C.A. § 552(a)(4)(E) (West 1977).

er are split evenly. *Aronson v. U.S. Dept. of Housing and Urban Dev.*, 866 F.2d 1, 5–6 (1st Cir.1989) (pro se attorney litigant may not recover fees); *Falcone v. I.R.S.*, 714 F.2d 646, 647–48 (6th Cir.1983), *cert. denied*, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984) (pro se attorney litigant may not recover fees); *Cazalas v. U.S. Dept. of Justice*, 709 F.2d 1051, 1056–57 (5th Cir.1983) (pro se attorney litigant may recover fees); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C.Cir.1977) (pro se attorney litigant may recover fees).

■ Neither the Eleventh Circuit nor the Supreme Court has considered directly whether a pro se litigant who is an attorney may recover attorney's fees under FOIA.[2] In *Duncan v. Poythress*, 777 F.2d 1508 (11th Cir.1985), *cert. denied sub nom.*, *Poythress v. Kessler*, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986), the Eleventh Circuit held that a pro se attorney litigant could recover fees in a civil rights case under 42 U.S.C. § 1988. In analyzing the issue presented in that case, the Eleventh Circuit stated that § 1988 and FOIA are not distinguishable in terms of the need to compensate pro se attorney litigants. 777 F.2d at 1512 n. 11. This dicta seems to imply that pro se attorney litigants are entitled to attorney's fees in FOIA cases, under the same rationale as in § 1988 cases. However, the Supreme Court's decision in *Kay v. Ehrler*, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), undermines any argument based on the implications of the *Duncan* dicta.

In *Kay v. Ehrler*, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), the Supreme Court held that an attorney who represented himself in a civil rights case could not recover attorney's fees under 42 U.S.C. § 1988, directly negating the Eleventh Circuit's holding in *Duncan*. The *Kay* Court agreed with the Sixth Circuit's finding that "the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations." 499 U.S. at 437, 111 S.Ct. at 1437. The Supreme Court reasoned

that Congress was concerned with ensuring the effective prosecution of meritorious claims. *Id.* The Court explained:

> Even a skilled lawyer who represents himself is at a disadvantage in a contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.

*Id.* at 437–38, 111 S.Ct. at 1438 (footnote omitted). A rule that would allow pro se litigants, who are attorneys, to recover attorney's fees would create a disincentive to hire counsel whenever such a plaintiff felt competent to litigate on his or her own behalf. *Id.* at 438, 111 S.Ct. at 1438. The Court concluded that such a rule would not foster the "statutory policy of furthering the successful prosecution of meritorious claims." *Id.*

In reaching its holding, the *Kay* Court noted that the district court relied on a FOIA case, *Falcone v. I.R.S.*, 714 F.2d 646 (6th Cir.1983), *cert. denied*, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984), in denying attorney's fees under § 1988. *Kay*, 499 U.S. at 434–35, 111 S.Ct. at 1435–37. In *Falcone*, the Sixth Circuit held that a FOIA plaintiff who was an attorney was not entitled to a fee award for his own services. *Falcone*, 714 F.2d at 648. The Sixth Circuit provided three justifications for the denial of attorney's fees.

First, Congress intended the FOIA fee provision "to relieve plaintiffs with legitimate claims of the burden of legal costs." *Id.* at 647. The provision "was not intended as a

---

2. The Eleventh Circuit has noted that precedent establishing that a lay pro se litigant cannot recover necessarily did not preclude an award of attorney's fees to a pro se attorney litigant. *Clarkson v. I.R.S.*, 678 F.2d 1368, 1371 n. 3 (11th Cir.1982), *cert. denied*, 481 U.S. 1031, 107 S.Ct.

1961, 95 L.Ed.2d 533 (1987) (*citing Cazalas v. U.S. Dept. of Justice*, 660 F.2d 612, 623 n. 13 (5th Cir.1981)). This dicta leaves open the possibility of an attorney's fee award to a pro se attorney litigant, but does not decide the issue directly.

reward for successful claimants or as a penalty against the government." *Id.* The Sixth Circuit reasoned that because an attorney plaintiff did not face the burden which the fee-shifting provision was designed to relieve, a fee award would be inappropriate. *Id.*

Second, the fee provision was intended to encourage potential claimants to seek legal counsel before initiating litigation. *Id.* Creating an incentive to seek legal counsel might help prevent unnecessary litigation, and would help ensure that an attorney with a "detached and objective perspective" handled the case. *Id.* A final reason for denying attorney's fees is the fear that pro se attorney plaintiffs might use FOIA as a way of generating fees, instead of vindicating claims. *Id.* at 648.

In the instant case, Defendant argues that *Kay* prohibits Mr. Ray from recovering attorney's fees for his own services. Although *Kay* considered attorney's fees under 42 U.S.C. § 1988, Defendant argues that the rationale underlying *Kay* is applicable to FOIA cases, especially in light of the fact that the district court in *Kay*, relied on *Falcone,* a FOIA case.

Plaintiff, however, argues that *Kay* does not preclude an award of attorney's fees for his services, and that *Falcone* is inapplicable. Plaintiff claims that the instant case is distinguishable from *Kay* because in the instant case, although Mr. Ray represented himself, he also hired counsel to represent him. Plaintiff argues that because he hired counsel he avoided the shortcomings of "total" self representation. Plaintiff's Reply in Support of Motion for Attorney's Fees (DE 65) at 5. Plaintiff argues that *Falcone* is inapplicable to the instant case for the same reason—

because he never "chose" to represent himself, but hired counsel. *Id.*

■ The Court finds that although *Kay* was decided in the context of a fee request under § 1988, the reasoning also applies to the instant fee request under FOIA. As the District of Columbia Circuit has noted, the *Kay* Court implicitly rejected the argument that the fee-shifting provisions of FOIA and § 1988 were designed to serve different purposes. *See Benavides v. Bureau of Prisons,* 993 F.2d 257, 259–60 (D.C.Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 559, 126 L.Ed.2d 460 (1993) (*citing Kay,* 499 U.S. at 433–45, 111 S.Ct. at 1436 n. 4). "[T]he *primary* purpose of the FOIA attorney fee provision is virtually identical to the purpose underlying section 1988: 'the fundamental purpose of section 552(a)(4)(E) [is] to facilitate citizen access to the courts to vindicate their statutory rights.' " *Id.* (*citing Nationwide Bldg. Maintenance, Inc. v. Sampson,* 559 F.2d 704, 715 (D.C.Cir.1977)) (emphasis in original).[3] The fact that the attorney's fee provision of FOIA may help promote compliance by the government "is only a serendipitous by-product of encouraging aggrieved individuals to obtain an attorney." *Id.*

In addition, the *Benavides* Court noted that the *Kay* Court cited *Falcone* with apparent approval. *Id.* at 259. "In discussing *Falcone,* the Supreme Court in *Kay* says absolutely nothing to suggest that the rationale given to support the holding in *Falcone* was wanting or that the considerations affecting the disposition of fee claims under FOIA and section 1988 should be viewed differently." *Benavides,* 993 F.2d at 260.

■ Plaintiff's argument that *Kay* and *Falcone* are inapplicable to the instant case

---

**3.** The Fifth Circuit has stated that FOIA's fee provision also serves "a deterrent, and, to a lesser extent, a punitive purpose." *Cazalas v. United States Dept. of Justice,* 709 F.2d 1051, 1057 (5th Cir.1983). The Fifth Circuit cited legislative history supporting this assertion. *See id.*

Some courts, however, have rejected the notion that the fee-shifting provision serves as a deterrent or a punishment. *See, e.g., Aronson v. U.S. Dept. of Housing and Urban Dev.,* 866 F.2d 1 (1st Cir.1989) ("[W]e disagree with the Fifth Circuit that the purpose of the fee provision of FOIA is to deter and punish the government for unnecessarily withholding information."); *Falcone,*

714 F.2d at 647 (*citing Wolfel v. United States,* 711 F.2d 66, 68 (6th Cir.1983) for the proposition that the fee provision was not designed as a penalty against the government). Whether or not the FOIA fee provision was designed to serve deterrent and punitive functions, the courts seem to agree that the primary purpose of the fee-shifting provision is to facilitate citizens' access to the courts to vindicate their rights. *See, e.g., Aronson,* 866 F.2d at 5 (*citing Crooker v. U.S. Dept. of Justice,* 632 F.2d 916, 921 (1st Cir. 1980)); *Falcone,* 714 F.2d at 647; *Cuneo v. Rumsfeld,* 553 F.2d 1360 (D.C.Cir.1977)).

because he hired an attorney and, thus, avoided the problems associated with "total" self-representation, is unavailing. A rule that would allow plaintiffs to recover attorney's fees for their own services, as long as they retained counsel to assist them, would not create an incentive for attorney plaintiffs to hire counsel who would actually litigate their cases. The ruling for which Plaintiff argues would allow attorney plaintiffs to circumvent *Kay* by merely hiring an attorney, regardless of whether it was the Plaintiff or the hired attorney who actually handled the case. Such a rule would not ensure that an objective attorney handled the case. *See Kay*, 499 U.S. at 437–38, 111 S.Ct. at 1437–38.

■ The Court also finds persuasive the *Falcone* reasoning that FOIA's fee-shifting provision was designed "to relieve plaintiffs with legitimate claims of the burden of legal costs." *Falcone*, 714 F.2d at 647. The result for which Plaintiff argues would not further this purpose since he has not incurred legal costs for his own services. Thus, in the instant case, like *Falcone*, "[s]ince the plaintiff never assumed the burden which Congress intended to ease, an award of fees is inappropriate." *Id.* In addition, as the Supreme Court noted, Congressional use of "the word 'attorney' assumes an agency rela-

tionship," in an attorney's fee provision. *Kay*, 499 U.S. at 435–36, 111 S.Ct. at 1437.

■ As a final note, the Court will address briefly the Magistrate Judge's conclusion that *Kay* and *Falcone* do not apply to the instant case. The Magistrate Judge found that those cases do not apply because in this case, Mr. Ray was merely an incidental Plaintiff. *See* Report and Recommendation (DE 77) at 7. The Magistrate Judge reasoned that the primary beneficiaries of Mr. Ray's requests would be the Haitian interdictees, not Mr. Ray himself. *Id.*

The Court finds that the Magistrate Judge's posited distinction is undermined by the fact that the plaintiff in *Falcone* brought the action in his own name, acting as a private attorney general. *Falcone v. I.R.S.*, 535 F.Supp. 1313, 1313 (E.D.Mich.1982), *aff'd* 714 F.2d 646 (6th Cir.1983), *cert. denied*, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984). Mr. Falcone, like Mr. Ray, made the request in his own name on behalf of a client.[4] *Id.* Thus, the two cases are indistinguishable in this regard.

■ The Court finds that the reasoning of *Kay*[5] and *Falcone* is applicable to the instant case. Accordingly, the Court denies Plaintiff's request for attorney's fees for his own services.[6]

4. The Haitian interdictees in the instant case are not necessarily Mr. Ray's clients. The point is that Mr. Ray apparently made the request in his own name for the benefit of the Haitian interdictees.

5. The Court also notes that in his Response to Defendant's Objection to the Magistrate's Report and Recommendation, Plaintiff argued that *Kay* should not be applied retroactively to bar his claim for attorney's fees. The Court is unpersuaded by Plaintiff's argument.

Generally, courts apply the law in effect at the time they decide a case. *Ackinclose v. Palm Beach County, Fla.*, 845 F.2d 931 (11th Cir.1988) (citations omitted). The "strong presumption" in favor of retroactivity, however, can be overcome. *Camden I. Condominium Ass'n Inc. v. Dunkle*, 805 F.2d 1532, 1533 (11th Cir.1986), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987) (citations omitted). The party seeking to avoid retroactive application bears the burden of persuasion. *Id.*

The Supreme Court has enunciated a three-part test for determining whether a decision

should not be applied retroactively. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The first of these criteria is that "the decision to be applied nonretroactively must establish a new principal of law; either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." 404 U.S. at 106, 92 S.Ct. at 355 (citation omitted). As the Court noted above, neither the Eleventh Circuit nor the Supreme Court has addressed directly whether an attorney pro se litigant can recover attorney's fees under FOIA. As such, *Kay* did not establish a "new principal of law" with respect to FOIA, and the Plaintiff's nonretroactivity argument must fail.

6. In determining whether to award attorney's fees, the Magistrate Judge performed the two-part analysis set forth in *Clarkson v. I.R.S.*, 678 F.2d 1368, 1371 (11th Cir.1982), *appeal after remand*, 811 F.2d 1396 (11th Cir.), *cert. denied*, 481 U.S. 1031, 107 S.Ct. 1961, 95 L.Ed.2d 533 (1987). Because the Court found that pro se attorney litigants may not recover fees under FOIA, the two-part test is not implicated with

## B. Plaintiff's Request for the Application of an Enhancement Factor

■ Having found that Plaintiff may not recover attorney's fees for his own services, the Court only need consider whether to apply an enhancement factor to the fee award for the services of Mr. Kolner. Magistrate Judge Palermo recommended that this Court deny Plaintiff's request for an enhancement in light of *City of Burlington v. Dague,* —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The Magistrate Judge found that the *Dague* Court rejected the two grounds upon which Plaintiff relied—that the Court should apply an enhancement because of the risk inherent in taking a case on contingency and because an enhancement is necessary in order to entice competent counsel to undertake these types of cases. Report and Recommendation (DE 77) at 11–12.

In his Objections, Plaintiff argues that the Magistrate Judge failed to consider his third argument—that his "exceptional" success in this case warrants an enhancement. Plaintiff contends that *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir.1988), allows the Court to award the requested enhancement. Plaintiff's Objections (DE 78) at 1–4. Defendant responds that even if the Court found "exceptional" success, *Dague* similarly would preclude any enhancement because an enhancement for exceptional success would duplicate factors already encompassed in the lodestar approach. Defendant's Response to Plaintiff's Objections (DE 81) at 1–3.

■ In *Norman,* the Eleventh Circuit stated that "[i]f the results obtained were exceptional, then some enhancement of the lodestar might be called for." 836 F.2d at 1302 (*citing Pennsylvania v. Delaware Valley Citizen's Council for Clean Air,* 478 U.S.

546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). Although *Dague* calls into question the applicability of an enhancement for contingency cases,[7] the Court finds it unnecessary to address whether *Dague* prohibits the award of an enhancement based on an "exceptional" success argument. Even if the Court can award, consistent with *Dague,* an enhancement for "exceptional" success, the Court finds that this case does not merit such an enhancement. As the Eleventh Circuit explained in *Norman:*

> Exceptional results are results that are out of the ordinary, unusual or rare. Ordinarily, results are not exceptional merely because of the nature of the right vindicated or the amount recovered. The law is usually faithful to its teachings, and so an outcome that is not unexpected in the context of extant substantive law will not ordinarily be exceptional.

*Id.*

In the instant case, the Court does not find that the result was "out of the ordinary, unusual or rare," or "unexpected in the context of extant substantive law." The Court merely ordered the INS to comply with the mandates of FOIA. Accordingly, the Court declines to award an enhancement.

## C. Motion for Contempt

■ Defendant argues that Plaintiff's counsel should not recover fees for the nine hours spent preparing a motion for contempt. Defendant, relying on *Weisberg v. U.S. Dept. of Justice,* 745 F.2d 1476, 1499 (D.C.Cir. 1984), claims that the Court should not compensate Plaintiff for this "nonproductive time." Defendant asserts that the events surrounding the filing of the motion for contempt[8] show that the time spent on the

---

respect to fees for Plaintiff's services. The Court, however, adopts the Magistrate Judge's analysis under the *Clarkson* test to the extent that it affects the fee award for the services of Plaintiff's counsel. *See* Report and Recommendation (DE 77) at 4–9.

**7.** The *Dague* Court held that no contingency enhancement was compatible with the fee-shifting statute at issue in that case. *Dague,* —— U.S. at ——, 112 S.Ct. at 2643–44. Although in *Dague,* the Supreme Court was interpreting the fee-shift-

ing provision found in 42 U.S.C. § 6972(e) and 33 U.S.C. § 1365(d), the Court stated "our case law construing what is a 'reasonable fee' applies uniformly to [other similar federal fee-shifting statutes]." *Id.* at ——, 112 S.Ct. at 2641.

**8.** After this Court entered Final Judgment on December 17, 1990, Defendant filed a motion for stay pending decision on appeal. On April 4, 1991, Plaintiff filed a motion for contempt based on Defendant's failure to comply with the December 17 Final Judgment. On June 20, 1991,

motion for contempt was "nonproductive time."

In his Report and Recommendation, Magistrate Judge Palermo found that the time spent on the motion was reasonable, because Plaintiff chose the method that he thought would force the Government to comply with this Court's Final Judgment. Report and Recommendation (DE 77) at 10–11. The Magistrate Judge reasoned that at the time that Plaintiff filed the motion for contempt, he did not know that this Court later would grant a stay of the Final Judgment. *Id.*

The Court affirms the Magistrate's Report and Recommendation on this issue. Plaintiff is entitled to fees for the nine hours that Mr. Kolner spent preparing the motion for contempt, at the rate of $150.00 per hour.

### D. Plaintiff's Request for Additional Fees

In his Objections to the Report and Recommendation, Plaintiff requested that the Court award additional fees and costs for the time spent litigating the fees issue. Plaintiff's Objection (DE 78) at 5–6. Defendant responded, arguing that any additional award of fees and costs must be reduced for the time expended in litigating the contingency enhancement since the Plaintiff did not prevail on that issue. Defendant's Response to Plaintiff's Objections (DE 82) at 7–10.

Plaintiff's request for additional fees and costs presents three issues—whether Plaintiff may recover attorney's fees for his own services, whether he may recover fees for his counsel's services, and whether he may recover the costs requested. First, Plaintiff's request for fees for his own services is governed by the finding above that he may not recover fees for his own services under FOIA. Accordingly, the Court denies Plaintiff's request for additional fees for his own services.

Mr. Kolner's services, however, are compensable. In calculating a reasonable fee for his services the Court applies the lodestar method.[9] Mr. Kolner has submitted an affidavit and time records indicating that he performed 34.3 hours of work relating to the fees litigation. Plaintiff has requested that the Court compensate Mr. Kolner at a rate of $150 per hour. The Court finds that the number of hours and the rate are reasonable, and will award fees in the amount of $5,145.00 for Mr. Kolner's services.

Plaintiff also requested $1,475.00 in costs for expert witness fees. The Government has objected to these fees, arguing that the expert witness in question testified regarding Plaintiff's entitlement to an enhancement. Because Plaintiff lost on this issue, the Government argues that his recovery should be reduced in accordance with the reasoning of *Commissioner, INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The Court finds that it is unnecessary to consider Defendant's argument under *Jean* because this issue is governed by 28 U.S.C.A. § 1920 (West 1994) and 28 U.S.C.A. § 1821(b) (West 1994).

Section 1920 provides that courts may tax as costs a number of specific items, including witness fees. 28 U.S.C.A. § 1920(3) (West 1994). Section 1821(b) limits the amount of fees that a court may award: "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C.A. § 1821(b) (West 1994).

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court held "that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C.A. § 1821 and § 1920." 482 U.S. at 445, 107 S.Ct. at 2499. In discussing whether Federal Rule of Civil Procedure 54(d) [10]

---

this Court granted Defendant's motion to stay and denied Plaintiff's motion for contempt.

**9.** Plaintiff did not request an enhancement for the time spent litigating the fees issue. Plaintiff's Objections (DE 78) at 6.

**10.** Federal Rule of Civil Procedure 54(d) provides in pertinent part:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United

granted district court's discretion to award expert witness fees in excess of the amount provided in § 1821, the Court explained: "We will not lightly infer that Congress has repealed §§ 1920 and 1821, either through Rule 54(d) or *any other provision not referring explicitly to witness fees.*" *Id.* at 444–45, 107 S.Ct. at 2498–99 (citations omitted) (emphasis added).

In *Glenn v. General Motors Corp.,* 841 F.2d 1567 (11th Cir.1988), *cert. denied,* 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988), the Eleventh Circuit recognized the broad sweep of *Crawford Fitting.* In *Glenn* the Eleventh Circuit found, in light of *Crawford Fitting,* that a litigant seeking expert fees in an action brought pursuant to the Equal Pay Act, 29 U.S.C. § 206(d)(1), was limited to the recovery set forth in §§ 1920 and 1821. The fee-shifting provision of the Equal Pay Act contains language that is similar to the FOIA provision: "[t]he court, in [an Equal Pay Act] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216(b) (West Supp. 1994). Thus, it follows that the FOIA fee-shifting provision, which allows recovery for "attorney's fees and other litigation costs reasonably incurred," would not allow the court to award expert witness fees in excess of the limit set by § 1821. *See* 5 U.S.C.A. § 552(a)(4)(E) (West 1977).

The Supreme Court's later decision in *West Va. Univ. Hospitals v. Casey,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), supports the Eleventh Circuit's interpretation of the reach of *Crawford Fitting.* In *Casey,* the Supreme Court considered whether a plaintiff could recover expert witness fees in excess of the § 1821 limit under 42 U.S.C.A. § 1988 (West 1981). Section 1988 permitted the award of "a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988 (West 1981).[11] The Court ultimately held that § 1988 conveyed no authority to shift expert witness fees in excess of the amount provided in § 1821. 499 U.S. at 101, 111 S.Ct. at 1148. In reaching that holding, the Court listed a number statutes that explicitly provided for an award of expert witness fees.[12] *Id.* at 88–89 & n. 4, 111 S.Ct. at 1141–42 & n. 4. The Court reasoned that if Congress had wanted to include a mechanism for shifting expert witness fees, it would have done so. "Congress could easily have shifted 'attorney's fees and expert witness fees,' or 'reasonable litigation expenses,'[13] as it did in contemporaneous statutes; it chose instead to enact more restrictive language, and we are bound by that restriction." *Id.* at 99, 111 S.Ct. at 1147. Based on the foregoing analysis, the Court finds that Plaintiff is limited in his recovery of expert witness fees to $40.00, as provided by 28 U.S.C.A. § 1821(b). Accordingly, it is hereby

ORDERED AND ADJUDGED that United States Magistrate Judge Palermo's Report and Recommendation be, and the same is, hereby ADOPTED IN PART, REJECTED IN PART. Plaintiff shall not recover attorney's fees for his services. Plaintiff shall recover fees for the time spent by his counsel preparing the motion for contempt (9.0 hours at a rate of $150.00 per hour). In addition, Plaintiff shall recover fees for his

States, its officers, and agencies shall be imposed on the extent permitted by law.... .

**11.** The Court notes that post-*Casey* § 1988 was amended to provide specifically for expert fees. *See* 42 U.S.C.A. § 1988 (West Supp.1994).

**12.** Although *Casey* focused on whether expert witness fees could be recovered under the statutory authorization for "attorney's fees," it does not appear that the outcome would be different if the Court had considered the expert witness fees as a component of "costs." The Court notes that in *Glenn,* the Eleventh Circuit considered the

expert fee issue as part of an award for expenses, separate and apart from attorney's fees. *Glenn,* 841 F.2d at 1573–74.

**13.** The words "reasonable litigation expenses" must be read in conjunction with the *Casey* Court's discussion of the contemporaneous statutes. *See* 499 U.S. at 88–89 & n. 4, 111 S.Ct. at 1141–42 & n. 4. Those statutes all specifically referred to expert witness fees. *See id.* (*citing* for example, the Endangered Species Act of 1973, 16 U.S.C. § 1540(g)(4), allowing "costs of litigation (including reasonable attorney and expert witness fees").

attorney's services in connection with the fees litigation (34.3 hours at a rate of $150.00 per hour). Accordingly, Plaintiff shall recover from Defendant attorney's fees in the total amount of $6,495.00. Plaintiff is not entitled to an enhancement of the fee award. Plaintiff shall recover costs in the amount of $40.00.

DONE AND ORDERED.