COPE, Judge.
American Reliance Insurance Co. appeals a final judgment for attorney’s fees. We reverse.
American Reliance Insurance Co. issued a business owner’s policy to the appellee law firm, Nuell, Baron & Polsky. The law firm’s telephone equipment suffered electrical damage. There was a dispute between the parties as to whether the telephone equipment damage was caused by an event covered under the insurance policy. The law firm filed suit, and ultimately the insurer paid a compromise amount pursuant to a settlement agreement.
*290 The law firm represented itself in the insurance litigation. After settlement, the law firm moved for an award of attorney’s fees pursuant to section 627.428, Florida Statutes (1993). The trial court computed a lodestar figure based on a determination of a reasonable hourly rate and hours reasonably expended, and then applied a 2.0 multiplier.
The insurer’s sole claim on appeal is that the trial court erred by awarding a multiplier. We conclude that the insurer’s position is well taken.
In our view the contingency risk multiplier authorized by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), was intended to provide an enhanced ability for plaintiffs to be able to hire independent counsel to represent them in certain classes of cases. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d at 833-35; Florida Patient’s Compensation Fund v. Rowe, 472 So.2d at 1151. We do not think there was any intention of allowing attorneys to receive multiples of their ordinary hourly rate to represent themselves.
We find instructive the views of the United States Supreme Court in Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). In that case the Court considered “the question whether a pro se litigant who is also a lawyer may be awarded attorney’s fees under [42 U.S.C.] § 1988.” 499 U.S. at 433, 111 S.Ct. at 1436. The Court said:
In the end, we agree with the Court of Appeals that the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations. We do not, however, rely primarily on the desirability of filtering out merit-less claims. Rather, we think Congress was interested in ensuring the effective prosecution of meritorious claims.
Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that “a lawyer who represents himself has a fool for a client” is the product of years of experience by seasoned litigators.
A rule that authorizes awards of counsel fees to pro se litigants — even if limited to those who are members of the bar — would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.
499 U.S. at 433-38, 111 S.Ct. at 1436-38 (footnote omitted);[1] see also Ray v. United States Dep’t of Justice, Immigration & Naturalization Serv., 856 F.Supp. 1576, 1580-81 (S.D.Fla.1994) (applying Kay to attorney’s fee request under Freedom of Information Act).
If we were to authorize a multiplier for attorneys who represent themselves, we would create an extraordinary incentive for attorney self-representation. As Kay v. Ehrler explains very well, such attorney self-representation should be avoided. Consequently, we reverse the award of a multiplier.[2]
The attorney’s fee judgment is reversed and the cause remanded with directions to *291 delete the multiplier and recalculate the attorney’s fee judgment.
Reversed and remanded.

. The Court concluded that an attorney who represents himself or herself should not receive a statutory attorney's fee at all, much less a multiplier. Id.

. The insurer does not challenge the law firm’s entitlement to a fee. See Quick & Reilly, Inc. v. Perlin, 411 So.2d 978, 980 (Fla. 3d DCA 1982); 1 James C. Hauser, Attorney's Fees in Florida, Ch. 7, at 32 (1988). That being so, the instant case does not present the question whether this court should revisit Quick & Reilly, Inc. v. Perlin in light of Kay v. Ehrler.