**Melissa PULLINS, In her own right and as parent, advocate, legal guardian and next friend of Alhadj Pullins–Graham and Alhadj Pullins Graham, an incapacitated individual by and through his parents, legal guardian and next friend, Melissa Pullins, Appellants**

v.

**COMMUNITY SERVICES FOR AUTISTIC ADULTS AND CHILDREN, et al., Appellees.**

No. 04–7173.

United States Court of Appeals, District of Columbia Circuit.

Dec. 29, 2005.

Marion E. Baurley, Law Offices of E. Marion Baurley, Washington, DC, for Appellants.

William J. Earl, Senior Assistant Attorney General, Edward Eugene Schwab, Deputy Attorney General, Robert James Spagnoletti, Attorney General, Office of Attorney General for the District of Columbia, Washington, DC, for Appellees.

Before: RANDOLPH, TATEL and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel pursuant to D.C. CIR. R. 34(j). It is

**ORDERED and ADJUDGED** that the district court's order is affirmed.

Plaintiffs—Melissa Pullins and her son Alhadj Pullins–Graham—ask us to reverse a district court order declining to hold the District of Columbia in contempt for failing to pay the full amount of attorney fees awarded them. The district court did not abuse its discretion. *Benavides v. Bureau of Prisons,* 993 F.2d 257, 260 (D.C.Cir. 1993) ("[W]e review the District Court's refusal to issue a contempt citation ... under the abuse of discretion standard."). Plaintiffs contend that the fee cap provision of the District of Columbia Appropriations Act, 2003, Pub.L. No. 108–7, § 144, 114 Stat. 107, 131–32, does not limit the amount of attorney fees here because they sued under 42 U.S.C. § 1983, not directly under the Individuals with Disabilities Education Act (Education Act), 20 U.S.C. §§ 1400–1487, to which the cap applies, or because "principles of equity, fundamental fairness, and public policy" so require. While plaintiffs listed § 1983 as one basis for jurisdiction in their complaint (along with many other statutes), they clearly asserted direct violations of the Education Act and its attendant regulations, and never argued to the district court that this was a § 1983 case for purposes of awarding attorney fees, *see Ned Chartering & Trading, Inc. v. Republic of Pakistan,* 294 F.3d 148, 154 (D.C.Cir.2002) (stating that "[i]t can hardly be an abuse of discretion ... when the only grounds" that may alter the result were "not asserted"). To the contrary, in their request for attorney fees plaintiffs invoked only the Education Act, specifically 20 U.S.C. § 1415(i)(3)(B), and later even argued that earlier caps on such awards did "not limit the amount of attorneys' fees [for one] who prevails on an [Education Act] claim." Appellees' Supplemental App. 47–48; *see also Pullins–Graham v. District of Columbia,* No. 98–3065, mem. order 1–3 (D.D.C. Mar. 28, 2002) (characterizing the claim as one under the Education Act and the request for attorney fees as one "pursuant to the attorney's fee provision of the [Education Act]"). Never did they claim entitlement to fees under 42 U.S.C. § 1988(b), the attorney fees provision for § 1983. It follows that the district court did not abuse its discretion in declining to hold the District in contempt for obeying the legal limits Congress has placed on the District's payment of Education Act fee awards.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.